UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID BARLOW, DIN # 02B0865,

                              Plaintiff,          08-CV-6474 (CJS)

  -vs-

                                                      DECISION AND ORDER

BRIAN FISCHER, COMMISSIONER OF D.O.C.S
and GEORGE B. ALEXANDER, CHAIRMAN OF
DIVISION OF PAROLE,

                              Defendants.

_____

APPEARANCES

For Plaintiff:                      David L. Barlow, Jr., *pro se*
                                   02 B 0865
                                   Five Points Correctional Facility
                                   State Route 96, P.O. Box 119
                                   Romulus, New York 14541

For Defendants:                Emil J. Bove, Jr., Esq.
                                   Office of the New York State Attorney General
                                   144 Exchange Blvd., Suite 200
                                   Rochester, New York 14614

INTRODUCTION

     Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants, the Commissioner of DOCS and the Chairman of the New York State Division of Parole, respectively, illegally imposed parole supervision upon him when he was released from prison in October 2007. Plaintiff also appears to allege that he received an improper sentence after being found guilty of a parole violation. *See*, Amended Complaint (Docket No. [#10]). Now before the Court is Defendants'

motion [#14] to, *inter alia*, dismiss the case for improper venue, or in the alternative, to transfer venue to the United States District Court for the Northern District of New York. For the following reasons, the action is transferred to the Northern District of New York.

## BACKGROUND

On October 20, 2008, Plaintiff commenced this action against the following defendants: "Department of Corrections Services, 1220 Washington Avenue, Albany, NY 12226-2050," and "New York State Division of Parole, 97 Central Ave, Albany NY 12206." On September 10, 2009, Plaintiff filed a motion for appointment of counsel [#8]. On September 18, 2009, the Court denied Plaintiff's motion for appointment of counsel, without prejudice (Order [#9]). On September 30, 2009, Plaintiff filed an Amended Complaint [#10]. The Amended Complaint lists the following defendants: "John Doe, Brian Fischer, Commissioner D.O.C.S., 1220 Washington Avenue, Albany, New York 12226-2050," and "John Doe, George B. Alexander, Chairman/C.E.O. Division of Parole, 97 Central Avenue, Albany, New York 12206."

On January 29, 2010, Defendants filed the subject motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(3), or in the alternative, to transfer this action to the United States District Court for the Northern District of New York. The application also asked the Court to dismiss official capacity claims against Defendants. On February 23, 2010, Plaintiff wrote to the Court, renewing his request for appointment of counsel, and indicating that he did not know whether venue was appropriate in this District. (Pl. letter dated February 23, 2010).

## DISCUSSION

FRCP 12(b)(3) provides for dismissal of claims due to "improper venue." The

burden is on the plaintiff to establish that venue is correct.  However, where, as here, a court is asked to resolve a 12(b)(3) motion based upon pleadings and affidavits, "to avoid dismissal "the plaintiff need only make a prima facie showing of venue." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (citation and internal quotation marks omitted).  Moreover, a court "analyzing whether the plaintiff has made the requisite prima facie showing that venue is proper, [must] view all the facts in a light most favorable to plaintiff." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007) (citation omitted).  If the plaintiff cannot establish that the chosen venue is correct, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a).

When applying FRCP 12(b)(3) and 28 U.S.C. § 1406(a), "[t]he threshold inquiry . . . is for the Court to determine whether the case is indeed in the "wrong" district, as that phrase is used in the statute." *SST Global Tech., LLC v. Chapman,* 270 F.Supp.2d 444, 452 (S.D.N.Y. 2003).  In that regard, the Court agrees with Defendants that the appropriate venue statute for this action is 28 U.S.C. § 1391(b), which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C.A. § 1391 (West 2010).  Pursuant to this statute, it appears that venue is appropriate in the Northern District of New York, since Defendants reside in Albany,

which is in the Northern District, and since the actions complained of also took place in the Northern District. *See, e.g., Kinlaw v. Pataki*, No. 07-CV-574Sr, 2007 WL 4166029 at *1 (W.D.N.Y. Nov. 16, 2007) ("[I]t is clear that all three defendants are being sued for acts, of omission and commission while functioning as agents of the State of New York, and thus will be deemed to reside, for venue purposes, in the district in which they performed their official duties.") (citations and internal quotation marks omitted). Plaintiff has not made any showing that venue is appropriate in the Western District of New York.

However, rather than dismissing the action, the Court finds that it is in the interests of justice to transfer this action to the Northern District of New York, pursuant to 28 U.S.C. § 1406(a). The Court will leave resolution of Plaintiff's motion for appointment of counsel, and Defendants' request to dismiss the official capacity claims, to the District Judge in the Northern District to whom the case will be reassigned.

## CONCLUSION

For the reasons discussed above, Defendants' application [#14] is granted in part, to the extent that this action is transferred to the United States District Court for the Northern District of New York.

SO ORDERED.

Dated:     April 15, 2010
           Rochester, New York

                                        ENTER:

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge