UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID BARLOW,

                          Plaintiff,

v.                                                       9:10-CV-0535
                                                            (GLS/GHL)

BRIAN FISCHER, GEORGE B. ALEXANDER,

                          Defendants.
_____

APPEARANCES:                                                      OF COUNSEL:

DAVID BARLOW, 09-B-0450
Plaintiff *pro se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ANDREW M. CUOMO                          ADAM SILVERMAN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

       This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff David Barlow alleges that he was wrongfully subjected to post-release supervision. (Dkt. No. 10.) Currently pending before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). (Dkt. No. 14.) For the reasons that

follow, I recommend that Defendants' motion be granted, that all claims against Defendants in their official capacities be dismissed, and that Defendants be directed to answer the claims against them in their individual capacities.

## I. BACKGROUND

Plaintiff filed the operative complaint (Dkt. No. 10) in the United States District Court for the Western District of New York on September 30, 2009. Plaintiff alleges that Defendants Brian Fischer and George B. Alexander wrongfully imposed six months of post-release supervision on him when he was released from prison on October 4, 2007. (Dkt. No. 10 at 4.) As a result, Plaintiff allegedly received an improperly long sentence after being found guilty of a parole violation. *Id*. Plaintiff seeks $50,000 to $75,000 in damages. *Id*. at 5.

On January 29, 2010, Defendants moved to (1) dismiss Plaintiff's claims against them in their official capacities; and (2) either dismiss the action for improper venue or transfer venue to this Court. (Dkt. No. 14.) On April 15, 2010, the Western District granted Defendants' motion in part and transferred the case to this District. (Dkt. No. 16.)

The matter is now before this Court for resolution of Defendants' motion to dismiss the claims brought against them in their official capacities. (Dkt. No. 14.) Plaintiff has filed opposition papers (Dkt. No. 22) that do not directly address Defendants' motion to dismiss the official capacity claims.

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

### III.   ANALYSIS

Defendants move to dismiss Plaintiff's claims against them in their official capacities. (Dkt. No. 14.) The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of

3

"sovereign immunity."  *See* U.S. Const. amend XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State immunity extends not only to the states, but to state agencies and to state officers who act on behalf of the state.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142-47 (1993); *Pennhurst State Sch. & Hosp*, 465 U.S. at 101-06.

The Eleventh Amendment bars suits for damages against state officials acting in their official capacities.[1]  All DOCS employees are state officials for the purposes of the Eleventh Amendment.  *See e.g. Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002); *Tolliver v. NY State Correctional Officers*, No. 99 CIV 9555, 2000 WL 1154311, at *2 (S.D.N.Y. Aug. 14,

---

[1]  *See Ying Jing Gan v. City of New York,* 996 F.2d 522, 529 (2d Cir. 1993) ("The immunity to which a state's official may be entitled in a § 1983 action depends initially on the capacity in which he is sued.  To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under Section 1983] for money damages against state officials in their official capacities."); *Farid v. Smith*, 850 F.2d 917, 921 (2d Cir. 1988) ("The eleventh amendment bars recovery against an employee who is sued in his official capacity, but does not protect him from personal liability if he is sued in his 'individual' or 'personal' capacity."); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons.  But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . .  As such, it is no different from a suit against the State itself. . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is not a suit against the official personally, for the real party in interest is the entity."); *see also Holloway v. Selsky*, 05-CV-0501, 2007 WL 433375, at *4 (N.D.N.Y. Feb. 6, 2007) (Sharpe, J.) (citing cases).

2000)("All of the defendants in this case are state officials because they are employees of the New York State Department of Correctional Services."). Here, Plaintiff seeks only money damages.  (Dkt. No. 10 at 5.)  Thus, to the extent that Plaintiff's suit is brought against Defendant Fischer in his official capacity as Commissioner of the New York State Department of Correctional Services and Defendant Alexander in his official capacity as Chairman of the DOCS Division of Parole (Dkt. No. 10 at 2), it is barred by the Eleventh Amendment.   Therefore, I recommend that the Court grant Defendants' motion to dismiss the claims against them in their official capacities.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."  *Cuoco*, 222 F.3d at 112 (citation omitted).  Here, the problem with Plaintiff's official capacity claims is substantive and could not be cured with better pleading. Therefore, I recommend that the Court dismiss the claims with prejudice.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 14) be **GRANTED**.  It is recommended that the Court dismiss the claims against Defendants in their official capacities and direct Defendants to answer the claims against them in their individual capacities.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: October 18, 2010
       Syracuse, New York

                                      George H. Lowe
                                      United States Magistrate Judge