**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID BARLOW,**

                              **Plaintiff,**

    vs.                                                      9:10-CV-535
                                                                (MAD/TWD)

**BRIAN FISCHER AND GEORGE ALEXANDER,**

                              **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**DAVID BARLOW**
**09-B-0450**
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929
Plaintiff *pro se*

**HON. ERIC T. SCHNEIDERMAN**             **ADAM W. SILVERMAN, AAG**
Attorney General for the State of New York
The Capitol
Albany, New York 12224
Counsel for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On October 20, 2008, Plaintiff *pro se* filed a complaint claiming a civil rights violation

pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 43 at 29. Thereafter, Plaintiff amended his complaint

at the instruction of Judge Michael A. Telesca to include named individuals Brian Fischer

("Fischer") and George Alexander ("Alexander") as Defendants.[1]  *See* Dkt. No. 43 at 8; Dkt. No.

_____

[1] United States District Court Judge Telesca for the Western District of New York granted Plaintiff's motion to proceed *in forma pauperis*, and concluded that Plaintiff's claims were "sufficient to go forward." *See* Dkt. No. 43 at 8, 11. Judge Telesca dismissed Plaintiff's claims

(continued...)

45 at 2. In his complaint, Plaintiff alleges that he was illegally incarcerated due to Defendants' imposition of a five-year period of post-release supervision ("PRS"), which was not imposed at sentencing for his conviction on two counts of robbery in the second degree. *See* Dkt. No. 43 at 5-6; Dkt. No. 45 at 2.

Specifically, Plaintiff claims that on October 4, 2007, the Department of Parole determined that he violated his PRS, resulting in twelve months of incarceration. *See* Dkt. No. 43 at 33. As noted in Magistrate Judge Dancks' Report-Recommendation, Plaintiff's original maximum expiration date on his sentence was April 26, 2008. *See* Dkt. No. 45 at 3. Plaintiff was released on parole supervision on April 26, 2007, and, at that time, had agreed in writing to the PRS and conditions of release. *See id.* Plaintiff claims that since he was incarcerated in October of 2007 for a PRS violation, he should have only been given six-and-one-half months, the remaining time on his original sentence. *See* Dkt. No. 43 at 33. In his prayer for relief, Plaintiff seeks $50,000 for pain and suffering due to being illegally detained. *See* Dkt. No. 43 at 34.

The action was transferred from the Western District of New York upon Judge Charles J. Siragusa's determination that proper venue was in the Northern District of New York. *See* Dkt. No. 45 at 6. On November 22, 2011, Defendants filed a motion for summary judgment on the grounds that: (1) Plaintiff's complaint fails to allege the personal involvement of Defendants Fischer and Alexander; (2) Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983; and (3) Defendants are entitled to qualified immunity. *See* Dkt. No. 40-4 at 2; Dkt. No. 45 at 2.

---

[1](...continued)
against the two named agencies of New York – the Department of Correctional Services and the Division of Parole – on the grounds that Eleventh Amendment immunity barred the claims without a named individual. *See id.* at 8-9. Judge Telesca, however, granted Plaintiff leave to filed an amended complaint. *See id.* at 2, 11.

In a Report-Recommendation dated May 15, 2012, Magistrate Judge Dancks recommended that the Court grant Defendants' motion for summary judgment on the ground that they are entitled to qualified immunity. *See* Dkt. No. 45 at 2. Magistrate Judge Dancks found that "the undisputed facts establish that under the holding in *Earley*, Plaintiff's due process rights were, in fact, violated by DOCS's administrative imposition of PRS to his sentence and the subsequent enforcement of the PRS." *See id.* at 17 (citing *Scott v. Fischer*, 616 F.3d 100, 102 (2d Cir. 2010)). Magistrate Judge Dancks concluded, however, that Defendants are entitled to qualified immunity because the imposition of a five-year term of PRS on Plaintiff occurred prior to the *Earley* decision,[2] and it had not been "'clearly established for qualified immunity purposes prior to *Earley* that the administrative imposition of PRS violates the Due Process Clause.'" *See* Dkt. No. 45 at 18-19 (quoting *Scott*, 616 F.3d at 107). Finally, Magistrate Judge Dancks determined that Plaintiff "failed to present clearly established authority imposing a post-*Earley* duty or grant of authority on the Division of Parole to cease enforcement of violations of the conditions of [Plaintiff's] mandatory PRS," and as such, Defendants are entitled to qualified immunity because "'a reasonable State DOCS or parole official would not realize that he had a duty or authority to seek the correction of a procedurally deficient but otherwise valid and statutorily required period of PRS.'" *See* Dkt. No. 45 at 22 (quoting *Albergottie v. New York City*,

---

[2] In *Earley v. Murray*, 451 F.3d 71 (2d Cir.), *reh'g denied*, 462 F.3d 147 (2d Cir. 2006), *cert. denied*, *Burhle v. Earley*, 551 U.S. 1159 (2007), the Second Circuit held that – in a habeas corpus context – the administrative imposition of PRS was a violation of due process under the Fourteenth Amendment. *See id.* at 76. In her Report-Recommendation, Magistrate Judge Dancks discussed New York's post-*Earley* treatment of administratively imposed PRS, noting a split among the appellate divisions regarding the *Earley* decision's impact. *See* Dkt. No. 45 at 12. As of April 2008, the decisions of the New York Court of Appeals in *In re Garner v. N.Y. State Dep't of Correctional Servs.*, 10 N.Y.3d 358 (2008), and *People v. Sparber*, 10 N.Y.3d 457 (2008), made clear that sentencing is a judicial responsibility, and only a court may impose a PRS sentence. *See In re Garner*, 10 N.Y.3d at 360; *Sparber*, 10 N.Y.3d at 470.

No. 08-CV-8331, 2011 WL 519296, *6 (S.D.N.Y. Feb. 15, 2011) (other citation omitted)). Neither party objected to Magistrate Judge Dancks' May 15, 2012 Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

4

Having reviewed Magistrate Judge Dancks' May 15, 2012 Report-Recommendation and the applicable law, the Court concludes that Magistrate Judge Dancks correctly recommended that the Court should grant Defendants' motion for summary judgment and enter judgment in Defendants' favor because Defendants are entitled to qualified immunity.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' May 15, 2012 Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 9, 2012
　　　　Albany, New York

_Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge